# Exhibit A

JEFF FINE
Clerk of the Superior Court
By Paulina Hernandez Ramos, Deputy
Date 06/25/2019 Time 16:27:06

| Description | Amount |
|---|---|
| CASE# CV2019-003542 | |
| CIVIL NEW COMPLAINT | 333.00 |
| TOTAL AMOUNT | 333.00 |

Receipt# 27288926

Edmundo P. Robaina (AZ Bar No. 018125)
**ROBAINA & KRESIN PLLC**
5343 North 16th Street, Suite 200
Phoenix, Arizona 84016
Telephone: (602) 682-6450
Facsimile: (602) 682-6455
epr@robainalaw.com

Ty D. Frankel (AZ Bar No. 027179)
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Telephone: (602) 274-1100
tfrankel@bffb.com

Attorneys for Plaintiff

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

Kimberly Spitler, on behalf of herself and all those similarly situated,

Plaintiff,

v.

State of Arizona,

Defendant.

Case No. CV2019-003542

**CIVIL COMPLAINT**

**[JURY TRIAL DEMANDED]**

Plaintiff Kimberly Spitler ("Plaintiff"), on behalf of herself and all others similarly situated, alleges the following for her Complaint against the State of Arizona (the "State").

## I. NATURE OF THE CASE

1. Plaintiff brings this action against the State for unlawful failure to pay wages owed in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et. seq.*; for unlawful failure to pay wages owed in violation of A.R.S. § 23-391 *et seq.*; for unlawful failure to timely pay all wages due pursuant to A.R.S. § 23-350 *et seq*. (A.R.S. §§ 23-391

and 350 collectively referred to as the "Arizona Wage Statute"); and as an alternative equitable claim, for unjust enrichment pursuant to Arizona law.

2. Plaintiff alleges on behalf of herself and all other similarly situated, hourly case workers of the State's Department of Economic Security, Division of Developmental Disabilities (the "DDD"), that they are entitled to unpaid wages, including unpaid overtime, for all hours worked exceeding forty (40) hours in a workweek, statutory damages, and attorneys' fees and costs.

3. For at least three years prior to the filing of this action (the "Liability Period"), the State has had a consistent policy or practice of suffering or permitting Plaintiff and the similarly situated case workers to work in excess of forty (40) hours per week without paying them proper overtime compensation and without timely paying wages due as required by the FLSA and the Arizona Wage Statute.

4. This action is brought as a collective action pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, statutory penalties and damages owed to Plaintiff and all others similarly situated. This lawsuit is also brought as a class action under Federal Rule of Civil Procedure 23, to recover unpaid compensation and treble damages resulting from the State's violations of the Arizona Wage Statute and for equitable relief under State law. For collective action and class action purposes, the proposed Class consists of:

> All current and former case managers or support coordinators employed by the State at the Department of Economic Security Division of Developmental Disabilities, regardless of actual title, who were paid an hourly wage during the Liability Period (the "Class Members").

5. Plaintiff filed a notice of claim pursuant to A.R.S. § 12-821.01 on April 12, 2019.

## II. JURISDICTION AND VENUE

6. This court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. §§ 203 (c), 207, 216(b), and 29 CFR Part 553, because Arizona has waived its sovereign immunity and consented to private FLSA actions for money damages in this Court. *See*

*Alden v. Maine*, 527 U.S. 706, 755 (1999) ("[State] sovereign immunity bars suits only in the absence of consent."); Ariz. Const. Art. IV, Part 2, Section 18 ("The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."); the Actions Against Public Entities or Public Employees Act, 1984 Ariz.Sess.Laws, ch. 285 (2d Reg. Sess.) (codified at A.R.S. §§ 12-820 to 826) (addressing the circumstances under which absolute or qualified immunity applies); *Glazer v. State*, 237 Ariz. 160, 163 (2015) ("The Act leaves intact the common-law rule that the government is liable for its tortious conduct unless immunity applies"); A.R.S. § 23-391; and A.A.C. R2-5A-404. (incorporating by reference FLSA Regulations 29 CFR 553 and 778).

7. This court further has jurisdiction over this matter by virtue of Ariz. Const. Art. VI, § 14, and A.R.S. § 12-123 and because the amount in controversy in this action exceeds the jurisdictional sum. Venue is proper in Maricopa County, Arizona by virtue of A.R.S. § 12-401 and Ariz. Const. Art. XIV § 8.

## III. PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff resided in the State of Arizona in Maricopa County, and the State employed Plaintiff in Maricopa County.

9. Plaintiff is a full-time employee of the DDD in Maricopa County and began her employment there on August 17, 2017.

10. The DDD is an agency of the State and does business in Arizona by providing case management services for developmentally disabled members of the Arizona Long Term Care System ("ALTCS").

11. The State is an employer within the meaning of the FLSA, 29 U.S.C. § 203 (d) and the Arizona Wage Statute, A.R.S. § 23-350(3). The State set policy with regard to the amount and manner of compensation for Plaintiff and the Class Members. The State also carried out the pay policies and payroll practices for Plaintiff and the Class Members' compensation including the overtime they were owed.

12. Pursuant to 29 U.S.C. § 216(b), attached to and filed with this Complaint as Exhibit A, is the Consent to Become Party Plaintiff, signed by the above-named Plaintiff,

Kimberly Spitler, opting her into this lawsuit.

13. Plaintiff and the other similarly situated Class Members are employees as defined in 29 U.S.C. § 203(e)(1) and are non-exempt employees under 29 U.S.C. § 213(a)(1) and A.R.S. § 23-350(2).

14. At all relevant times, the State was an employer as defined by 29 U.S.C. § 203(d) and A.R.S. § 350(3).

15. At all relevant times, DDD has been enterprise to which the FLSA overtime regulations apply.

## IV. COLLECTIVE ACTION ALLEGATIONS

16. Plaintiff brings her claim under the FLSA, 29 U.S.C. § 201 *et seq.*, as a collective action. Plaintiff brings this action on behalf of herself and others similarly situated, properly defined in paragraph 4 above.

17. The State's illegal overtime wage practices were widespread with respect to the proposed Class. The failure to pay proper overtime was not the result of random or isolated individual management decisions or practices.

18. The State's overtime wage practices were routine and consistent. Throughout the Liability Period, Class Members regularly were not paid the proper overtime wages despite working in excess of forty hours per week.

19. Other Class Members performed the same or similar job duties as Plaintiff. Moreover, these Class Members regularly worked more than forty hours in a workweek. Accordingly, the employees victimized by the State's unlawful pattern and practices are similarly situated to Plaintiff in terms of employment and pay provisions.

20. The State's failure to pay overtime compensation at the rates required by the FLSA result from generally applicable policies or practices and do not depend on the personal circumstances of the members of the collective action. Thus, Plaintiff's experience is typical of the experience of the Class Members employed by the State.

21. All Class Members, including Plaintiff, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation for hours worked in

excess of forty (40). Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

## V. CLASS ACTION ALLEGATIONS

22. The state law claims under the Arizona Wage Statute and Arizona common law are brought as a class action under Federal Rules of Civil Procedure 23(a), (b)(1), (b)(2), and (b)(3). The Class is defined in paragraph 4 above.

23. At all relevant times, the State's illegal overtime and wage practices have been widespread with respect to the proposed Class. The State's failure to pay proper overtime and failure to timely pay wages due has not been the result of random or isolated individual management decisions or practices.

24. The State's overtime and wage practices have been routine and consistent. Throughout the past three years, Class Members have regularly not been paid the proper overtime and timely wages due despite earning such wages.

25. The State's failure to pay overtime compensation and timely wages due results from generally applicable policies and practices and does not depend on the personal circumstances of individual Class Members. Thus, Plaintiff's experience is typical of the experience of other Class Members employed by the State.

26. All Class Members, including Plaintiff, are entitled to overtime compensation for hours worked in excess of forty (40) and timely payment of wages due. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of facts pertaining to liability.

27. The State has employed a large number of case managers for DDD. The proposed Class Members are so numerous that joinder of all Class Members is impracticable. Upon information and belief there are several hundred members of the proposed class. Class Members can readily be identified from business records maintained by the State.

28. Questions of law and fact common to the Class Members predominate over questions that may affect only individual members because the State has acted on grounds

generally applicable to all Class Members. Among the questions of law and fact common to Plaintiff and the Class Members are:

    a.    whether the State employed the Class Members within the meaning of the FLSA and the Arizona Wage Statute;

    b.    whether the State owes the Class Members overtime wages in exchange for work performed in excess of forty hours per week;

    c.    whether the State owes the Class Members wages in exchange for all work performed for the DDD;

    d.    whether the State unlawfully failed to timely pay Class Members wages for all hours worked;

    e.    whether the State is liable for damages under Arizona Wage Statute, including but not limited to compensatory damages, interest, and treble damages;

    f.    whether the State was unjustly enriched as a result of its wags practices in violation of Arizona law.

29. Plaintiff's claims under Arizona state law are typical of those of the Class Members, in that class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful pay practices as Plaintiff.

30. The common questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the Arizona state law claims.

31. A class action is appropriate for the fair and efficient adjudication of this controversy. The State acted or refused to act on grounds generally applicable to the entire class. The presentation of separate actions by individual Class Members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for the State, and/or substantially impair or impede the ability of the Class Members to protect their interests. The damages suffered by individual Class Members may be relatively small,

and the expense and burden of individual litigation make it virtually impossible for the members of the class action to individually seek redress for the wrongs done to them.

32. Plaintiff will fairly and adequately represent the interests of the Class Members and has retained counsel that is experienced and competent in the fields of wage and hour law and class action litigation. Plaintiff has no interest that is contrary to or in conflict with those members of this class action.

33. This action is maintainable as a class action under Rule 23(b)(1) because prosecution of separate actions by or against individual members of the class would create risk of: (A) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class, or (B) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

34. This action is maintainable as a class action under Rule 23(b)(2) because the State "has acted or refused to act on grounds generally applicable to the class," thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole. Unless an injunction is issued, the State will continue to commit the violations alleged and the members of the Class and future employees of the State will continue to be subjected to the State's wrongful practices.

35. This action is maintainable as a class action under Rule 23(b)(3) because questions of law or fact common to the Class predominate over any questions affecting only individual members.

36. In addition, a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Arizona Wage Statute recognizes that employees who are denied their wages often lack the ability to enforce their rights against employers with far superior resources. Further, because the damages suffered by individual Class Members may be relatively small, the expense and burden of individual litigation makes it difficult for members of the Class to individually redress the wrongs done to them.

37.   Plaintiff's Arizona claims are easily managed as a class action. The issue of liability is common to all Class Members. Although the amount of damages may differ by individual, the damages are objectively ascertainable and can be straightforwardly calculated.

## VI. FACTUAL BACKGROUND

38.   The DDD provides a range of behavioral and integrated healthcare and wellness services to developmentally disabled adults and children who are members of the Arizona Long Term Care System ("ALTCS").

39.   Plaintiff and the other Class Members are or were case managers/support coordinators employed by the State through the DDD to provide case management services for ALTCS' developmentally disabled members.

40.   Funds for ALTCS are administered by the Arizona Health Care Cost Containment System ("AHCCCS"), and AHCCCS sets standards and policies related to case management for members of ALTCS in the AHCCCS Medical Policy Manual.

41.   Pursuant to Section 1630 of the AHCCCS Medical Policy Manual, "A DDD case manager's caseload must not exceed a per District average ratio of 1:40 members, regardless of setting."

42.   However, during the Liability Period, Plaintiff and the other Class Members routinely handled caseloads of more than eighty (80) members at a time, which is far greater than the maximum case load the DDD is supposed to assign to them.

43.   As part of their regular responsibilities for this heavy caseload, Plaintiff and the other Class Members were required to perform a number of duties including, among other things, conducting on-site visits with members/representatives every 90 days; conducting regular needs assessments for members; verifying that needed services are available for members in the members' communities; facilitating placement/services for members; developing written service plans that reflect services that will be authorized; making efforts to ensure that members understand the service plans; completing backup plans for members who receive certain critical services; assisting members who live in their

own homes with disaster/emergency plans; for members admitted to nursing facilities, ensuring and documenting that pre-admission screenings and resident review screenings have been completed prior to admission; updating the FOCUS System within ten days of initial visits; conducting ongoing monitoring of the services and placement of each member assigned to their caseloads in order to assess the continued suitability and cost effectiveness of the services and placement in meeting members' needs and the quality of care delivered by members' service providers; attending nursing facility care conferences to discuss members' needs and services jointly with the members, care providers and the members' families; attending meetings for any and all home modifications for members' homes; and attending team meetings for those members who will be released from jail or prison to ensure they receive a "warm welcome" and a place to reside upon release.

44. Plaintiff and the other Class Members were hourly employees eligible for overtime compensation pursuant to the FLSA; and pursuant to A.R.S. § 23-391, an Arizona statute that governs overtime for State employees like Plaintiff and the other Class Members, and follows the principles of the FLSA and incorporated the FLSA regulations by reference.

45. Plaintiff and the Class Members earned an hourly wage, with Plaintiff earning $19 per hour for regular hours worked.

46. Case managers officially worked five 8-hour shifts or four 10-hour shifts per week.

47. However, during the Liability Period, Plaintiff and the Class Members were required to work in excess of forty hours per week on their assigned cases in order to remain in compliance with AHCCCS requirements.

48. If the case managers did not complete work on their assigned cases in a timely manner, they were subject to discipline.

49. In addition, if the case managers did not complete their case work in a timely fashion, their Managing Accountability and Performance ("MAPS") scores would be

negatively affected, and their eligibility for a merit increase would be negatively impacted and opportunities for advancement would be limited.

50. The State would pay overtime wages to Plaintiff and the other Class Members for working on cases not in their regular caseloads when case managers from other units were unable to stay in compliance, but would only assign the Plaintiff and the other Class Members those cases if Plaintiff and the other Class Members were up to date on their regularly assigned cases.

51. In order to complete work on their regular cases, Plaintiff and the Class Members worked 60 to 70 hours per week during a typical week.

52. In order to complete their required work, Plaintiff and the other Class Members would typically go in to work early, leave late, work through their lunch periods or work from home at night and on weekends.

53. During the liability period, Plaintiff's and the Class Members' supervisors and Area Program Managers were aware that the case managers regularly worked more than forty hours per week on their regularly assigned caseloads in order to complete their duties in a timely manner.

54. However, the State routinely failed to pay Plaintiff and the Class Members the proper overtime rate of time and half their regular rate of pay for all overtime hours worked over forty in a workweek in violation of the FLSA and A.R.S. § 23-391.

55. The State's failure to timely pay Plaintiff and the Class Members all the wages they were due also violates A.R.S. § 23-350 *et seq*.

56. The State's failure to pay Plaintiff and the Class Members the wages they had a reasonable expectation to receive was willful. The State knew that it was required to pay Plaintiff and the Class Members for all hours worked, including overtime hours, but failed to do so.

57. The total amount of outstanding wages, statutory damages, and statutory fees and costs due from the State exceeds $10,000.

58. Plaintiff and the Class Members are entitled to have their unpaid wages

trebled under Arizona law and are entitled to liquidated damages under the FLSA.

## VII. COUNT ONE

**(Failure to Pay Overtime Wages – violation of the Fair Labor Standards Act – 29 U.S.C. § 207 *et seq.*)**

59. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

60. The Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* is a remedial statute designed to ensure that employees who are "suffered" or "permitted" to work for an employer are paid overtime wages for all hours worked in excess of 40 hours in individual work weeks.

61. There are no exemptions to the FLSA's overtime requirements applicable in this matter.

62. Plaintiff is a non-exempt employee entitled to the statutorily mandated overtime pay according to the FLSA.

63. The State is an employer pursuant to 29 U.S.C. § 203(d).

64. At all relevant times, Plaintiff and the Class Members regularly worked more than forty (40) hours per week, but they did not receive overtime pay.

65. The State has failed to comply with 29 U.S.C. § 207 because Plaintiff and the other Class Members worked for the State in excess of forty hours per week, but the State has failed to pay them for those hours at the statutorily required rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

66. The State knows, and at all relevant times knew, that Plaintiff and the Class Members were working overtime but has failed to properly pay overtime wages and has no reason to believe its failure to pay overtime was not a violation of the FLSA. The State's violations of the FLSA are, and at all relevant times were, intentional and willful, and accordingly, a three-year statute of limitation applies, pursuant to 29 U.S.C. § 255.

67. Each improperly paid Class Member who has performed and or continues to perform services for the State for any time during the three years preceding this lawsuit is

entitled to notification of the pendency of this action and of his/her right to consent to becoming a party to this action. Notice should be sent to all Class Members, as defined above, pursuant to 29 U.S.C. § 216(b).

68. As a result of the State's failure to pay overtime wages, the Plaintiff and all other Class Members have been damaged and are entitled to recovery of overtime wages, liquidated damages in an amount equal to the wages they are owed as unpaid overtime, prejudgment interest, attorneys' fees, costs and other compensation, declaratory and injunctive relief.

## VIII. COUNT TWO

**(Failure to Pay Overtime - Violation of the Arizona Wage Statute, A.R.S. § 23-391 *et seq.*)**

69. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

70. Plaintiff and the Class Members are employees entitled to overtime wages pursuant to A.R.S. § 23-391.

71. The State failed to pay Plaintiff and the Class Members overtime wages they were entitled to pursuant to A.R.S. § 23-391.

## IX. COUNT THREE

**(Failure to Timely Pay All Wages Due - Violation of the Arizona Wage Statute, A.R.S. § 23-350 *et seq.*)**

72. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

73. The State was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

74. The State was aware that, under A.R.S. §§ 23-351 to 353, it was obligated to pay all wages due to Plaintiff and the other Class Members.

75. The State failed to timely pay Plaintiff and the other Class Members wages they were due without a good faith basis for withholding the wages.

76. The State has willfully failed and refused to timely pay wages due to Plaintiff and the Class Members. As a result of the State's unlawful acts, Plaintiff and the Class Members are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## X. COUNT IV

**(Unjust Enrichment – Arizona Common Law)**

77. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

78. The State has been enriched by Plaintiff's and the other Class Members' unpaid overtime work.

79. Plaintiff and the other Class Members have been impoverished by having to work overtime hours without compensation.

80. There is a connection between the State's enrichment and Plaintiff's and the other Class Members' impoverishment.

81. There is no justification for the enrichment and impoverishment.

82. In the absence of a requirement to pay overtime compensation pursuant to the FLSA and/or A.R.S. § 23-391, there is no legal remedy for Plaintiff and the other Class Members.

## XI. REQUESTED RELIEF

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against the State and ask the Court to:

A. Order the State to file with this Court and furnish to Plaintiff's counsel a list of the names and addresses of all Class Members;

B. Authorize Plaintiff's counsel to issue notice at the earliest possible time to all Class Members, informing them that this action has been filed and the nature of the action, and of their right to opt into this lawsuit if they worked in excess of forty (40) hours in a week during the past three years but were not paid overtime as required by the FLSA.

C. Declare that the State has willfully violated and is willfully violating the FLSA;

D. Declare that the State has willfully violated and is willfully violating A.R.S. § 23-391 *et seq.* and A.R.S. 23-350 *et seq.*;

E. Declare the State has been unjustly enriched;

F. Certify the state law claims above as a class action pursuant to Rule 23 of the Arizona Rules of Civil Procedure;

G. Designate Plaintiff Kimberly Spitler as the Class Representative of the other Class Members and undersigned counsel as the attorneys representing the other Class Members;

H. Award Plaintiff and all similarly situated employees compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages and statutory penalties pursuant to A.R.S. § 23-355;

I. Award *quantum meruit* relief;

J. Award reasonable attorneys' fees pursuant to 29 U.S.C. § 216 and A.R.S. § 12-341.01;

K. Award pre- and post-judgment interest; and

L. Award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper.

## XII. JURY DEMAND

Plaintiff, on behalf of herself and the Class Members, demands a jury trial to the extent authorized by law.

DATED this 25th day of June 2019.

ROBAINA & KRESIN PLLC

By ______________________
Edmundo P. Robaina
5343 North 16th Street, Suite 200
Phoenix, Arizona 84016

BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.

Ty D. Frankel
2325 E. Camelback Road, Suite 300
Phoenix, Arizona 85016

*Attorneys for Plaintiff*

# EXHIBIT A

*Ty D. Frankel (AZ Bar No. 027179)*
***BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.***
*2325 E. Camelback Road, Suite 300*
*Phoenix, Arizona 85016*
*Telephone: (602) 274-1100*
*tfrankel@bffb.com*

*Edmundo P. Robaina (AZ Bar No. 018125)*
***ROBAINA & KRESIN PLLC***
*5343 N. 16th Street, Suite 200*
*Phoenix, Arizona 84016*
*Telephone: 602-682-6450*
*epr@robainalaw.com*

*Attorneys for Plaintiff*

**IN THE SUPERIOR COURT OF THE STATE OF ARIZONA**

**IN AND FOR THE COUNTY OF MARICOPA**

| | |
|---|---|
| Kimberly Spitler, on behalf of herself and all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>State of Arizona,<br><br>Defendant. | No.<br><br>**CONSENT TO BECOME A PARTY PLAINTIFF AND OPT-IN TO LAWSUIT** |

I, Kimberly Spitler, pursuant to 29 U.S.C. §§ 216(b) and 256, file this consent to be a party plaintiff and opt-in to this lawsuit. I was an employee of the State of Arizona within the prior three years. During my employment with the State, I was paid an hourly wage. Within the past three years, I worked more than forty hours in a week without receiving all the overtime I earned.

I hereby consent to be a party plaintiff in this lawsuit and specifically authorize counsel of record to file suit on my behalf and on behalf of all those similarly situated. I consent to opt-in to this lawsuit and authorize counsel of record to pursue this lawsuit on my behalf, along with all those similarly situated employees of the State who I agree to represent.

DATED: 6-24-19

K. Spitler
Kimberly Spitler