**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kimberly Spitler,<br><br>Plaintiff,<br><br>v.<br><br>State of Arizona,<br><br>Defendant. | No. CV-19-04859-PHX-DWL<br><br>**ORDER** |

Kimberly Spitler ("Spitler") is an employee of the State of Arizona ("the State"). In June 2019, Spitler filed an action in state court alleging that the State failed to pay her (and her similarly situated co-workers) overtime wages in violation of the Fair Labor Standards Act ("FLSA"). (Doc. 1-3 at 2-16.) Many procedural twists and turns have ensued.

The State kicked things off by removing Spitler's action to federal court. (Doc. 1.) Spitler responded by amending her complaint to drop the FLSA claim, leaving only state-law claims. (Doc. 10.) The State then moved to dismiss, arguing the state-law claims are barred by principles of state sovereign immunity. (Doc. 15.) After that motion became otherwise fully briefed, Spitler sought leave to file a sur-reply. (Doc. 22.)

On October 16, 2019—two days after the sur-reply briefing cycle was completed—the Ninth Circuit issued *Walden v. Nevada*, 945 F.3d 1088 (9th Cir. 2019), holding that "Nevada waived its Eleventh Amendment immunity as to Plaintiffs' FLSA claims when it removed this case to federal court." *Id.* at 1095. The issuance of *Walden* prompted Spitler to file a motion seeking leave to amend her complaint again, this time to reassert the FLSA

claim she had previously dropped. (Doc. 26.) The State opposes this motion, arguing that the proposed amendment would be futile because *Walden* only addresses whether a state's removal of an action to federal court results in a waiver of Eleventh Amendment immunity from suit, which is different from the question of state sovereign immunity from liability, and "[s]overeign immunity shields the State from liability as to FLSA claims." (Doc. 27 at 6.) In her reply, Spitler argues that Arizona has, in fact, waived its sovereign immunity with respect to overtime claims under the FLSA. (Doc. 30 at 5-8.)

The motion-to-amend briefing cycle was completed on February 26, 2020 and the Court hoped to rule quickly afterward. However, on March 25, 2020, the Ninth Circuit issued an order in *Redgrave v. Ducey*, __ F.3d __, 2020 WL 1444969 (9th Cir. 2020). In *Redgrave*, as in this case, Arizona was sued in state court by a state employee for FLSA violations, removed the case to federal court, and then invoked the doctrine of state sovereign immunity when seeking dismissal of the FLSA claim. *Id.* at *2. In response, the plaintiff argued—just like Spitler argues here—that "Arizona has waived its sovereign immunity from FLSA claims as a matter of law." *Id.* The district court rejected this waiver argument, holding that Arizona retained its sovereign immunity as to the FLSA claim, but the Ninth Circuit declined to reach the merits of this issue because "there is no controlling precedent of the Arizona Supreme Court or the Arizona Court of Appeals with regard to the State's assertion of its sovereign immunity from a private suit for damages under FLSA." *Id.* at 4. Thus, the court certified the following question to the Arizona Supreme Court: "Has Arizona consented to damages liability for a State agency's violation of the minimum wage or overtime provisions of the [FLSA]?" *Id.* at *1.

Although the Court does not wish to further delay the resolution of the three pending motions in this case (Docs. 15, 22, 26), it makes sense to wait for the Arizona Supreme Court to answer the question that was certified to it in *Redgrave*. After all, if the State *has* consented to liability under the FLSA, Spitler's motion to amend may not be futile. And if the State *hasn't* consented—and the State's removal efforts didn't result in a waiver of

that immunity[1]—it is unlikely the Court would choose to exercise supplemental jurisdiction over Spitler's remaining state-law claims. *Sanford v. MemberWorks, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quotation omitted).

No further action is required from the parties—the purpose of this order is simply to keep them apprised of the Court's timeline.

Dated this 31st day of March, 2020.

_____
Dominic W. Lanza
United States District Judge

---

[1] *Redgrave*, 2020 WL 1444969 at *2 ("Our court has determined [in *Walden*] that when a State removes a case it invokes the jurisdiction of the federal district court and thereby waives the sovereign immunity *from suit* it would enjoy in state court. The State asserts that its removal of this case did not effect a waiver of its sovereign immunity *from liability*. . . . We have not decided and in this Order do not decide whether removal to federal court effects a waiver of such state sovereign immunity from liability.").